UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON CHARLES SAUVOLA,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

Case No. 2:20-cv-198

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred during his parole and while he was housed at that MBP.

Plaintiff sues the MDOC, the Houghton County Sheriff's Department, the Michigan Bureau of Health, Houghton County Sheriff Brian J. McLean, and the following MBP officials: Warden Erica Huss; Deputy Warden Doug Tasson; and all MBP employees and all employees at thirteen current and former prisons (collectively Unknown Part(y)(ies)).[1]

Plaintiff's complaint consists of a litany of conclusory allegations:

1. Plaintiff was improperly forced to submit to a mandatory breathalyzer test by parole officers;

2. a police chief and two officers (not Defendants) did not respond as Plaintiff wished on Plaintiff's 911 call to report the parole officer;

3. Plaintiff was illegally arrested, taken to jail, and detained; he was denied an arraignment;

4. his legal property was left at the jail when he was transported to prison;

5. at MBP, he was forced to take psychotropic medication by mental-health providers who are not named as Defendants;

6. he was denied legal copies, writing materials, and law library requests as promptly as he would like;

7. his request for a special diet was denied by an unknown person, despite the fact that he has low blood sugar and has passed out before;

8. he is being treated for mental illness, despite a 1995 examination by the Center for Forensic Psychiatry that found he was not mentally ill;

9. his correspondence goes unanswered;

10. he was held for some period without clean laundry and a laundry bag;

11. his request for a haircut and beard removal was denied;

---

[1] Plaintiff alleges nothing more than that his claims arose at [a]ll facilities [at which he previously was] housed, including current one" (Compl., ECF No. 1, PageID.2) and those listed elsewhere in his complaint: "ARF [Baraga Correctional Facility], URF [Chippewa Correctional Facility], MCF [Muskegon Correctional Facility], IBC [Bellamy Creek Correctional Facility], MTU [Richard A. Handlon Correctional Facility], RMI [Michigan Reformatory], WCC [Woodland Center Correctional Facility], LRF [Earnest C. Brooks Correctional Facility], JMF [formerly, Southern Michigan Correctional Facility], SPSM [formerly, Jackson State Prison], ECF [Oaks Correctional Facility], HVM [formerly, Huron Valley Men's Complex], [and] HVC [formerly, Huron Valley Center]." (*Id.*, PageID.1.)

    12. he requested a nurse after his blood sugar fell; while the nurse was on the way, he drank with a sugar packet in it, so the nurse found no problem;

    13. he has not seen mental health staff for a week or Assistant Resident Unit Supervisor or Resident Unit Manager for days;

    14. the whole matter is an "atrocity. Hollywood beind it. I'm sure. Still they mumble [] and I hear!!!, not hallucinate, five times now, voices of females in vent admit to it, like back cat-walki[.]"

(Compl., ECF No. 1, PageID.3–5.)

        Plaintiff seeks placement back on parole, the arrest of all staff and police involved in his "kidnapping and tort[]ures," transfer to Baltimore, Maryland to finish his parole, and a legal name change to avoid "many enemies." He also seeks compensatory and punitive damages. Plaintiff closes his requests for relief with the following statement:

> Have no family and only one friend named [scratched out]. Possibly could get citizenship in Finland. Request that after transfer[r]ing parole find Justin Eric Bieber is responsible for bringing on the staff's dysfunction [scratched out] is friend, whom can testify. Linked by device of biolelectrical government sponsored – like KLF to / in truth.

(*Id.*, PageID.6.)

II.    **Failure to state a claim**

        A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.   **Defendants MDOC & Michigan Department of Health**

Plaintiff sues the MDOC and the Michigan Department of Health (formally titled the Michigan Department of Health and Human Services (MDHHS)). Plaintiff may not maintain a § 1983 action against the MDOC or the MDHHS. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823,

826 (6th Cir. 1994).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment.  *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010).  Other court expressly have held that the MDHHS is immune from suit as an arm of the state.  *See Kanuszewski v. Mich. Dep't of Health and Human Services*, 927 F.3d 396, 416-417 (6th Cir. 2019); *Marshall v. Wayne Cnty. Dep't of Child Protective Servs.*, No. 19-cv-10108, at *3 (E.D. Mich. Sept. 1, 2020); *Harnden v. Mich. Dep't of Human & Health Servs.*, No. 16-cv-13906, 2017 WL 3224969, at *2 (E.D. Mich. July 31, 2017); *Brent v. Wayne Cnty. Dep't of Human Servs.*, No. 11-10724, 2014 WL 3956730, at *3 (E.D. Mich. Aug. 13, 2014).  Moreover, the State of Michigan (whether acting through the MDOC or MDHHS) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.  Therefore, the Court dismisses Defendants MDOC and Michigan Department of Health for failure to state a claim, both because they are immune under the Eleventh Amendment and because they are not "persons" within the meaning of § 1983.

IV.  **Remaining Defendants**

Plaintiff's allegations against the remaining Defendants—Defendants Houghton County Sheriff's Department, Huss, Tasson, McLean, and Unknown Part(y)(ies)—fail to state a claim for numerous reasons.

First, Plaintiff's claims against all of the remaining Defendants are limited to general and conclusory assertions.  Conclusory allegations of unconstitutional conduct without

specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. His allegations fail to state a claim against any Defendant for this reason alone.

Second, Plaintiff utterly fails to name Defendants Tasson, McLean, and the Houghton County Sheriff's Department in the body of his complaint. In addition, although Plaintiff purports to bring his action against all prison officials at ARF, URF, MCF, IBC, MTU, RMI, WCC, LRF, JME, SPSM, ECF, HVM, and HVC (Unknown Part(y)(ies), he makes no specific allegations that are tied to any individual employee or any conduct that occurred at any of these facilities.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in

the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Houghton County Sheriff's Department and Unknown Part(y)(ies).

Third, Plaintiff's claims against the Sheriff's Department and Defendant McLean in his official capacity fail for an additional reason. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)).

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Houghton County. In addition, in matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. Mich. Comp. Laws § 51.75 (sheriff has the "charge and custody" of the jails in his county); Mich. Comp. Laws § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); Mich. Comp. Laws § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Houghton County and Defendant Sheriff McLean, however, may not be held vicariously liable for the actions of county employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. Plaintiff wholly

fails to allege any sort of policy or custom that arguably could have injured him during his time in the county jail.

Fourth, Plaintiff's only mention of Defendants Huss and Tasson is a statement that he sent correspondence to them about his many complaints, but they failed to respond. Construing the complaint liberally, Plaintiff also arguably suggests that Defendants Huss and Tasson are responsible for the conduct of their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Huss and Tasson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

For all of the stated reasons, Plaintiff fails to state a claim against Defendants Houghton County Sheriff's Department, Huss, Tasson, McLean, and Unknown Part(y)(ies).

V. **Pending motion**

Plaintiff has filed a motion to appoint counsel (ECF No. 11). Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606.

The Court has carefully considered these factors and determines that, in light of the Court's conclusion that Plaintiff's conclusory complaint fails to state a claim for numerous reasons and improperly attemps to join numerous unrelated claims, exceptional circumstances are not present here. The Court therefore will deny Plaintiff's request for appointment of counsel (ECF No. 11).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will deny Plaintiff's motion to appoint counsel.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be

frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   February 2, 2021                               /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        UNITED STATES DISTRICT JUDGE